# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

INFORMED CONSENT ACTION NETWORK,
2025 Guadalupe Street, Suite 260
Austin, Texas 78705

                Plaintiff,

-against-

FEDERAL AVIATION ADMINISTRATION,
800 Independence Avenue, SW
Washington, DC 20591

                Defendant.

Civil Action No. 1:24-cv-1909

## COMPLAINT

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against defendant Federal Aviation Administration ("**FAA**" or "**Defendant**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant 5 U.S.C. § 522(a)(4)(B) and 28 U.S.C. § 1331.

1

## PARTIES

3. Plaintiff ICAN is a not-for-profit organization formed and existing under the laws of the state of Texas, with its principal office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705. Plaintiff is in good standing with the Texas Secretary of State.

4. Defendant FAA is an agency within the Executive Branch of the United States Government, organized within the U.S. Department of Transportation. FAA is an agency within the meaning of 5 U.S.C. § 552(f). FAA has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On October 17, 2023, Plaintiff sent a FOIA request to FAA seeking copies of the following records:

> All records from September 9, 2021 through the date of the search concerning FAA's research project "to develop a contrail avoidance tool to evaluate and optimize the benefits, costs, and practicality of contrail avoidance to minimize aviation climate impacts."[1]

(**Exhibit 1**.)

6. On October 25, 2023, Defendant FAA acknowledged Plaintiff's FOIA request and the request was assigned FOIA request number 2024-00522. (**Exhibit 2**.)

7. Between November 15, 2023 and November 21, 2023, the Agency requested and Plaintiff agreed to narrow the request. The agreed upon narrowed request was communicated to the Agency on November 21, 2023 and Plaintiff agreed to a narrowed timeframe for the request.

8. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; or

---

[1] *See* https://www.whitehouse.gov/briefing-room/statements-releases/2021/09/09/fact-sheet-biden-administration-advances-the-future-of-sustainable-fuels-in-american-aviation/.

2

(iii) produce the requested records or otherwise demonstrate that the requested records are exempt from disclosure.

### COUNT I
### FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
### (VIOLATION OF FOIA, 5 U.S.C. § 552)

9. Plaintiff realleges the previous paragraphs as if fully stated herein.

10. Defendant is in violation of FOIA.

11. Defendant is required to make a final determination on Plaintiff's request no later than twenty (20) business days from acknowledgement of the request. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

12. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

13. Plaintiff has no adequate remedy at law.

### COUNT II
### FAILURE TO PROVIDE AN ESTIMATED COMPLETION DATE
### (VIOLATION OF FOIA, 5 U.S.C. § 552)

14. Plaintiff realleges the previous paragraphs as if fully stated herein.

15. Defendant is in violation of FOIA.

16. Despite Plaintiff's request for an estimated date on which the agency would complete its action on the request, the agency never provided one.

## COUNT III
## ENTITLEMENT TO WAIVER OF SEARCH FEES

17. Plaintiff realleges the previous paragraphs as if fully stated herein.

18. Defendant is in violation of FOIA.

19. Defendant failed, within 20 days, to produce the requested records and otherwise failed to comply with the statutory requirements of 5 U.S.C. § 522 within the time limits set forth therein.

20. Plaintiff is entitled to a waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(viii).

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendant's current and continued delay in processing Plaintiff's FOIA Request is unlawful under FOIA;

b. Order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

c. Order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

e. Maintain jurisdiction over this action until Defendant complies with FOIA and all orders of this Court;

f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E);

g. Grant Plaintiff a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(viii); and

h. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 28, 2024                                SIRI & GLIMSTAD LLP

*/s/ Elizabeth A, Brehm*
Elizabeth A. Brehm, Esq.
DC Bar No. NY0532
745 Fifth Ave
Suite 500
New York, New York 10151
Tel: (888) 747-4529
ebrehm@sirillp.com

Catherine Ybarra, Esq.*
CA Bar No. 283360
700 S Flower Street
Suite 1000
Los Angeles, CA 90017
Tel: (888) 747-4529
cybarra@sirillp.com

*Attorneys for Plaintiffs*
*\*Pro hac vice application to be submitted.*